UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EUGENE SANTOS, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY MAIN JAIL MEDICAL FACILITY,<br><br>   Defendant. | Case No. 13-cv-04885-KAW (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a federal pre-trial detainee incarcerated at the Santa Clara County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the Santa Clara County Main Jail Medical Facility. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. His motion for leave to proceed *in forma pauperis* is granted in a separate order.

## I. DISCUSSION

**A. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior*, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

**B. Plaintiff's Claims**

    **1. Allegations in Complaint**

In his complaint, Plaintiff alleges the following. Plaintiff developed a condition called "dander," which is a toenail fungus. The fungus has "totally taken over and destroyed" six of Plaintiff's toes. He has been to "medical" twice for this issue and "medical" has refused to give him the medication to treat this condition, which continues to get worse. Plaintiff has been told that Lamisil, the medication for treating his condition, is a toxic medication that is not meant for anyone who has a liver condition. Therefore, a blood test is required before beginning a Lamisil regimen to ensure the patient does not have a liver condition. Defendant will not allow doctors to prescribe treatment with Lamasil because, if the medication should go unmonitored and cause a patient liver damage, Defendant might be sued. Plaintiff has offered to sign a waiver of all his rights to sue for any side effects caused by Lamisil, but Defendant still will not prescribe him the necessary medication. Plaintiff seeks injunctive relief requiring Defendant to prescribe treatment with Lamisil.

    **2. Deliberate Indifference to Serious Medical Needs**

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment as he has not been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977). A pretrial detainee is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment, however. *United States v. Salerno*, 481 U.S. 739, 746-47 (1987); Bell, 441 U.S. at 535-36. Because the protections of the Due Process Clause are at least as great as those of the Eighth Amendment, the Ninth Circuit holds that the Eighth Amendment provides a "minimum standard of care" for determining a pretrial detainee's right to medical care. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when

3

1   two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and
2   (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v.*
3   *Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a
4   prisoner's condition could result in further significant injury or the "unnecessary and wanton
5   infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference
6   when he knows of and disregards a substantial risk of serious harm to inmate health or safety.
7   *Farmer*, 511 U.S. at 837.

8   Liberally construed, Plaintiff's allegations that he has a toe nail fungus which is "taking
9   over his toes" because it is untreated establish that he had a serious medical need. His allegations
10  that the County Jail Medical Facility has a policy not to treat his condition, when construed
11  liberally, state a cognizable claim of municipality liability for deliberate indifference to his serious
12  medical need. The correct Defendant under these circumstances would be John Hirokawa, the
13  chief executive officer of the Santa Clara County Department of Correction, in his official
14  capacity. *See* Fed. R. Civ. Pro. 4(j)(2)(A) (municipality must be served by delivering copy of
15  summons and complaint to its chief executive officer).

## II. CONCLUSION

17  For the foregoing reasons, the Court orders as follows:

18  1. Plaintiff states a cognizable claim for deliberate indifference to his serious medical
19  needs against the Santa Clara County Main Jail Medical Facility.

20  2. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of
21  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
22  (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or
23  Declination to Magistrate Judge Jurisdiction" to John Hirokawa, Chief Executive Officer of the
24  Santa Clara County Department of Correction, 150 West Hedding Street, San Jose, California.</u>
25  The Clerk shall also mail a copy of the complaint and a copy of this Order to the Office of the
26  County Counsel of Santa Clara County, 70 West Hedding Street, East Wing, 9th Floor, San Jose,
27  California 95110, and a copy of this Order to Plaintiff.

28  3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him

4

1  to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to
2  Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of
3  Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of
4  such service unless good cause be shown for the failure to sign and return the waiver forms. If
5  service is waived, this action will proceed as if Defendant had been served on the date that the
6  waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve
7  and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This
8  allows a longer time to respond than would be required if formal service of summons is
9  necessary.)

10        Defendant is advised to read the statement set forth at the foot of the waiver form that more
11  completely describes the duties of the parties with regard to waiver of service of the summons. If
12  service is waived after the date provided in the Notice but before Defendant has been personally
13  served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent
14  or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

15        4. Defendant shall file the Consent or Declination to Magistrate Judge Jurisdiction on or
16  before the date the answer is due.

17        5. Defendant shall answer the complaint in accordance with the Federal Rules of Civil
18  Procedure. The following briefing schedule shall govern dispositive motions in this action:

19        a. No later than <u>thirty</u> days from the date the answer is due, Defendant shall file a
20  motion for summary judgment or other dispositive motion. If Defendant files a motion for
21  summary judgment, it shall be supported by adequate factual documentation and shall conform in
22  all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case
23  cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date
24  the summary judgment motion is due. All papers filed with the Court shall be promptly served on
25  Plaintiff.

26        At the time of filing the motion for summary judgment or other dispositive motion,
27  Defendant shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th
28  Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice

1   of what is required of him to oppose a summary judgment motion or a motion to dismiss for

2   failure to exhaust administrative remedies.

3      b. Plaintiff's opposition to the motion for summary judgment or other dispositive

4   motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after

5   the date on which Defendant's motion is filed.

6    Before filing his opposition, Plaintiff is advised to read the notice that will be provided to

7   him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

8   and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

9   forward with evidence showing triable issues of material fact on every essential element of his

10  claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this

11  case, he must be prepared to produce evidence in support of those allegations when he files his

12  opposition to Defendant's summary judgment motion. Such evidence may include sworn

13  declarations from himself and other witnesses to the incident, and copies of documents

14  authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply

15  by repeating the allegations of his complaint.

16     c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date

17  Plaintiff's opposition is filed.

18     d. The motion shall be deemed submitted as of the date the reply brief is due. No

19  hearing will be held on the motion unless the Court so orders at a later date.

20   6. Discovery may be taken in this action in accordance with the Federal Rules of Civil

21  Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

22  Plaintiff and any other necessary witnesses confined in prison.

23   7. All communications by Plaintiff with the Court must be served on Defendant, or

24  Defendant's counsel once counsel has been designated, by mailing a true copy of the document to

25  Defendant or Defendant's counsel.

26   8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

27  informed of any change of address by filing a separate paper with the Clerk headed "Notice of

28  Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do

so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: 12/6/13

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

7