UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LARRY EUGENE SANTOS, Jr.,

    Plaintiff,

    v.

SANTA CLARA CO. MAIN JAIL,

    Defendant.

No. C 13-4885 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case brought pro se by a prisoner. His claims arise from his detention in the Santa Clara County Jail. Plaintiff alleges that the jail was deliberately indifferent to his serious medical needs in treating his toenail fungus. Plaintiff also alleges the jail has a policy not to treat his type of condition with the medical drug Lamasil. Defendant has filed a motion for summary judgment asserting that there are no undisputed material facts and that plaintiff has failed to exhaust his administrative remedies. Plaintiff has not filed an opposition or otherwise communicated with the court since filing the complaint. For the reasons set forth below, the motion for summary judgment is granted.

**DISCUSSION**

**Motion for Summary Judgment**

    **A.    Standard of Review**

    Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

1 to return a verdict for the nonmoving party. *Id.*

2 The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### B. Eighth Amendment

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.[1]

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly

---

[1] It is not entirely clear if plaintiff was a prisoner or detainee during the relevant time, and he appears to no longer be in custody in the jail or in state prison. Regardless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior*, see Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

**C.   Facts**

The following of defendant's facts are undisputed as plaintiff has not filed an opposition. On May 4, 2013, plaintiff presented to medical staff with a complaint of toenail fungus. Motion for Summary Judgment ("MSJ") at 1. An examination indicated that he had athlete's foot. *Id.* Plaintiff was prescribed Miconazole Nitrate (2% strength), a topical cream, and was instructed to use the cream twice a day for two weeks. *Id.* He was also

3

given clean socks daily for two weeks. *Id.* Plaintiff again presented with a complaint of toenail fungus on November 5, 2013, and he was again prescribed Miconazole Nitrate (2% strength). *Id.* Plaintiff did not complain again of any toenail fungus or other foot-related ailments. *Id.*

Miconazole Nitrate (2% strength), or a similar topical cream, is the standard treatment provided to inmates with athlete's foot at Santa Clara County Jail. *Id.* A stronger treatment, such as the prescription drug Lamasil that plaintiff had requested, is only prescribed to county inmates on a case by case basis when deemed medically necessary. *Id.* at 2. Toenail fungus is not considered a serious medical condition for non-diabetics by the jail. *Id.* For non-diabetics such as plaintiff, toenail fungus does not have malevolent side effects, only cosmetic ones and the possibility of developing athlete's foot. *Id.*

Oral medication for the treatment of toenail fungus, such as that requested by plaintiff must be taken daily for three to six months to assure its effectiveness. *Id.* It also requires monthly liver function tests to assure that the patient does not develop liver failure, which medications such as Lamasil can cause. *Id.* Because plaintiff's time in the jail was temporary, there was no guarantee that he could finish the course of treatment and receive the liver tests. *Id.*

**D.  Analysis**

Defendant first argues that plaintiff's toenail fungus was not a serious medical need under the Eighth Amendment. As plaintiff only had two isolated instances of toenail fungus that led to athlete's foot which seem to have been properly treated with the topical cream supplied by doctors, this does not appear to be a serious medical need. Regardless, even if it were a serious medical need, there was no constitutional violation, based on the treatment provided by the jail, nor was there a policy in place at the jail not to treat this type of condition.

It is undisputed that plaintiff was provided the topical cream treatment on the two occasions that he complained of the toenail fungus and that it appears to have successfully treated the condition. Plaintiff alleges in the complaint that he was not provided with a

4

prescription for Lamasil.  Yet, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).  Moreover, defendant was wary of prescribing Lamasil due to plaintiff possibly leaving the jail and not having his liver functions properly monitored and completing the course of treatment.  Defendant has also shown that there is no policy of not prescribing Lamasil because it can be prescribed under certain circumstances.  For all these reasons, summary judgment is granted for defendant.[2]

## CONCLUSION

1. The motion for summary judgment (Docket No. 9) is **GRANTED**.

2. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 30, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Santos4885.sj.wpd

---

[2] As the court has not found a constitutional violation, the argument that plaintiff failed to exhaust his administrative remedies will not be addressed.